IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PERRIN BURSE,**

        Plaintiff,

  vs.                                    **Civil Action 2:14-cv-403**
                                            **Judge Watson**
                                            **Magistrate Judge King**

**NORMAN ROBINSON,** *et al.,*

        Defendants.

**OPINION AND ORDER**

Plaintiff, a state inmate proceeding without the assistance of counsel, alleges that defendants denied plaintiff his constitutional right of access to the courts. The *Amended Complaint*, ECF 24, specifically alleges that, from July through August 2013, defendants, the Warden at the Chillicothe Correctional Institution ("CCI"), certain CCI mailroom employees, the CCI cashier and a CCI corrections officer, interfered with plaintiff's legal mail and materials and thereby impeded plaintiff's ability to prosecute proceedings related to his criminal conviction. This matter is before the Court on plaintiff's motion for leave to supplement the complaint, ECF 36 ("*Motion to Supplement*"). Defendants oppose the *Motion to Supplement*. ECF 38 ("*Opposition*"), and plaintiff has filed a reply memorandum, ECF 42 ("*Reply*"). For the reasons that follow, the *Motion to Supplement* is **DENIED**.

I.   *MOTION TO SUPPLEMENT*

The *Motion to Supplement* seeks to add three defendants. *Motion to Supplement*, PAGEID#:247-252; *Reply*, p. 3.  Plaintiff alleges that, on February 20, 2015, Shane Clark, a "Unit Manager" at Chillicothe Correctional Institution ("CCI"), placed him in segregation because plaintiff had filed a lawsuit against CCI employees. *Motion to Supplement*, PAGEID#:247, PAGEID#:251. *See also* ECF 36-5, PAGEID#:271 (Conduct Report No. CCI-15-001096, signed by Shane Clark regarding offense occurring on February 20, 2015, stating that plaintiff failed to follow Unit Manager Clark's direct order to reduce his legal material from two legal boxes to one legal box). Plaintiff also alleges that Corrections Officer Smith and Sergeant Farrar participated in the decision to send plaintiff to segregation and/or interfered with plaintiff's legal mail. *Motion to Supplement*, PAGEID#:248-252. Because he was not released from segregation until March 3, 2015, plaintiff alleges, he was unable to review legal material necessary to prepare for a hearing in a legal proceeding in the First Appellate District of Ohio. *Id*. at PAGEID#:248, PAGEID#:250-251. Although plaintiff filed a motion for an extension of time to supplement his appellate brief, the First Appellate District denied plaintiff's motion. *Id*. at PAGEID#:252; ECF 36-6, PAGEID#:278 (entry dated March 12, 2015 filed in *State of Ohio v. Burse*, First Appellate District No. C-140356, stating that plaintiff's motion to extend "is not well taken and is overruled. The Court has not granted appellant leave to file a supplemental brief and the case

2

is scheduled for submission to the Court on March 17, 2015"). According to plaintiff, the actions of Unit Manager Clark, Corrections Officer Smith, and Sergeant Farrar violated plaintiff's constitutional right of access to the courts. *Motion to Supplement*, PAGEID#:248 (identifying First Appellate District Nos. Nos. C-140356, 140139, 140161, 140543), PAGEID#:252-253; *Reply*, p. Plaintiff also alleges that "[o]n February 26, 2015, plaintiff Burse, started the Grievance Process for Conduct Report # 15-001096." *Id*. at PAGEID#:252.

Rule 15(d) of the Federal Rules of Civil Procedure provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  The grant or denial of a request to supplement a pleading is left to the sound discretion of the trial court.  *See Allen v. Reynolds,* 895 F.2d 1412, *5 (6th Cir.1990); *McCormack v. Frank,* No. 93-5416, 1994 U.S. App. LEXIS 21619, at *15-16, 1994 WL 419589 (6th Cir. Aug. 10, 1994).  In exercising its discretion, a trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment."  *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Spies v. Voinovich,* No. 00-4015, 48 Fed. Appx. 520, 527 (6th Cir. Sept.30, 2002) (stating that the same standard of review and rationale apply to motions filed pursuant to Fed. R. Civ. P. 15(a)

3

and 15(d)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

Plaintiff contends that the proposed claims against Unit Manager Clark, Corrections Officer Smith, and Sergeant Farrar arise out of the same series of transactions and occurrences and are part of a "systemic and ongoing practice" within the Ohio Department of Rehabilitation and Correction ("ODRC"). *Reply*, p. 2. This Court disagrees. As defendants correctly observe, plaintiff's proposed supplemental claims do not allege any involvement on the part of the current defendants. Plaintiff seeks to add entirely new claims against entirely different defendants arising out of entirely different events that allegedly impacted an entirely different state court action. His proposed supplemental claims are simply unrelated to the existing claims in this case.

Moreover, it does not appear that plaintiff has exhausted his available administrative remedies as they relate to his proposed new claims. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Finally, the grant of the *Motion to Supplement* at this stage in the litigation would unduly prejudice defendants. The deadlines for filing motions to amend and for completing discovery have already passed. *Scheduling Order*, ECF 12, p. 1. Adding new claims against

4

new defendants based on new and different incidents would require additional discovery and associated delay of the litigation.

For all these reasons, the *Motion to Supplement,* ECF 36, is without merit.

## II.    EXISTING DEFENDANTS AND SERVICE OF PROCESS

Defendants ask that the record be clarified as to the identity of the remaining defendants in this action.  ECF 25, p. 1 n.1.  The original complaint named, *inter alios*, "James Potter" as a defendant. *Complaint*, ECF 3, pp. 1-2.  *See also* ECF 11, p. 1 n.1 (clarifying that Mr. Potter's first name is Duane, not James).  After the Court granted plaintiff leave to join another defendant, plaintiff was specifically instructed to file an amended complaint that clearly set out all the claims against all the defendants:

> In order to clarify the record and to have one filing containing all of plaintiff's allegations, plaintiff is **ORDERED** to file, within fourteen (14) days, a new amended complaint that expressly identifies the existing defendants and the previously asserted claims against them as well as expressly identifies James Patterson as a defendant and all of plaintiff's claims and allegations against him based on Mr. Patterson's alleged activities only on July 3, 2013 and September 4, 2014.  Plaintiff must also submit a copy of this anticipated amended complaint, a completed summons and a Marshal service form for defendant Patterson.

*Opinion and Order*, ECF 21, pp. 5-6.

On December 30, 2014, the Court accepted for filing the *Amended Complaint*, which expressly identifies only the following defendants: Norman Robinson, Lieutenant James Ball, Michael Eiring, James Patterson, Michael Barnes, Jane McAfee, and Corrections Officer/Lieutenant Josh Williams.  *Order*, ECF 23; *Amended Complaint*,

5

p. 4. The *Amended Complaint* does not include claims against James (Duane) Potter and cannot, therefore, be construed as asserting a claim against him.

It does not appear that service of process has been completed on defendants James Patterson and Jane McAfee. Plaintiff is **ORDERED TO SHOW CAUSE**, no later than May 26, 2015, why the claims asserted against these two defendants should not be dismissed for failure to timely effect service of process. *See* Fed. R. Civ. P. 4(m).

### III. DATE FOR FILING DISPOSITIVE MOTIONS

The Court previously extended the date for filing dispositive motions in light of the pendency of *the Motion to Supplement. Order*, ECF 35. Defendants have asked, once again, for such an extension. *Motion to Modify Scheduling Order*, ECF 43. That motion is **GRANTED**. In light of the resolution of the *Motion to Supplement*, the parties may have until June 1, 2015 to file dispositive motions.


May 13, 2015                                    *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge