```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF OHIO
                              EASTERN DIVISION
PERRIN BURSE,

              Plaintiff,

       vs.                                  Civil Action 2:14-cv-403
                                            Judge Watson
                                            Magistrate Judge King
NORMAN ROBINSON, et al.,

              Defendants.
```

## OPINION AND ORDER

This matter is before the Court on plaintiff's *Motion to Reopen Discovery*, ECF 59 ("*Motion*"). For the reasons that follow, plaintiff's *Motion* is **GRANTED**.

### I. Background

Plaintiff, who is presently incarcerated at Chillicothe Correctional Institution ("CCI"), instituted this litigation without the assistance of counsel after the Court granted him leave to proceed *in forma pauperis* on May 6, 2014. *Order*, ECF 2; *Complaint*, ECF 3. After defendants filed their answer, ECF 11, the Court ordered that motions to amend be filed by October 31, 2014, that all discovery be completed by January 31, 2015, and that dispositive motions be filed no later than March 15, 2015. *Scheduling Order*, ECF 12, pp. 1-2. The Court specifically advised that "the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date." *Id*. at 1.

Upon motion and with leave of the Court, plaintiff filed the *Amended Complaint*, ECF 24, on December 30, 2014. *See also Motion for*

1

*Leave to Amend the Complaint*, ECF 19; *Opinion and Order*, ECF 21; *Order*, ECF 23. The *Amended Complaint* specifically alleges that, from July through August 2013, defendants, the CCI Warden, certain CCI mailroom employees, the CCI cashier and a CCI corrections officer, interfered with plaintiff's legal mail and materials and thereby impeded plaintiff's ability to prosecute proceedings related to his criminal conviction. Defendants Norman Robinson, James Ball, Michael Barnes, Michael Eiring, James Potter,[1] and Josh Williams responded to the *Amended Complaint* on January 13, 2015. ECF 25.

The Court later denied additional attempts to further amend or supplement the *Amended Complaint*. *See Opinion and Order*, ECF 37; *Opinion and Order*, ECF 44. On May 13, 2015, the Court noted that service of process had not yet been completed on James Patterson and Jane McAfee and ordered plaintiff to show cause why the claims against these two defendants should not be dismissed for failure to timely effect service of process. *Opinion and Order*, ECF 44, p. 6. Upon plaintiff's response, ECF 45, the Court granted an additional thirty (30) days in which to submit service documents necessary to permit the United States Marshals Service to effect service by certified mail on defendants Patterson and McAfee. *Order*, ECF 46. On June 1, 2015, upon defendants' motion, ECF 47, the Court extended the deadline for filing dispositive motions until the later of (1) 30 days after service of process on defendants Patterson and McAfee (if plaintiff

---

[1] The Court later clarified that Duane Potter was misidentified as "James Potter" and concluded that the *Amended Complaint* could not be construed as asserting a claim against this defendant. *Opinion and Order*, ECF 44, pp. 5-6.

provides service documents by July 1, 2015) or (2) August 1, 2015. *Order*, ECF 49.

On June 10, 2015, counsel entered an appearance on behalf of plaintiff. *Notice*, ECF 50.  During a subsequent conference, plaintiff's counsel represented that she had submitted all appropriate documents necessary to permit the United States Marshals Service to effect service of process on defendants Patterson and McAfee. *Order*, ECF 53, p. 1.  Based on this representation, the Court suspended the deadline for filing dispositive motions. *Id*.  In fact, however, the Court had not received the service documents. The Court therefore ordered plaintiff to submit all necessary service documents no later than July 10, 2015. *Order*, ECF 54.  Plaintiff's counsel did so and service was in fact effected on defendants Patterson and McAfee, who subsequently filed an answer to the *Amended Complaint*.  ECF 55, 56, 64.

At an August 11, 2015 conference, plaintiff's counsel expressed an intention to conduct additional discovery. *See Order*, ECF 57, p. 1.  The Court required that plaintiff file the motion to reopen discovery no later than August 21, 2015 and further ordered plaintiff to address in that motion the following:  "(1) the justification for any proposed reopening of discovery; (2) the precise discovery anticipated, and (3) the estimated length of time that completion of such discovery will require."  *Id*.  The Court advised that it would establish a date for filing dispositive motion upon resolution of plaintiff's anticipated motion to reopen discovery.  *Id*. at 2.

3

On August 24, 2015, plaintiff filed his *Motion*, seeking an additional fifty (50) days in which to conduct discovery. Defendants oppose plaintiff's *Motion*. *Defendants' Memorandum in Opposition to Plaintiff's Motion to Reopen Discovery (Doc. 59)*, ECF 63, pp. 1-2 ("*Memo. in Opp.*"). Plaintiff has not replied to the *Memo. in Opp.* This matter is now ripe for resolution.

The pretrial schedule was originally established in this case while plaintiff was proceeding *pro se*. Ordinarily, a pretrial schedule may be modified only for good cause and upon a showing of diligence in attempting to meet the schedule. *See* Fed. R. Civ. P. 16(b)(4); *Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002). However, actions filed *pro se* by persons in custody are exempt from the requirements of Rule 16. S.D. Ohio Civ. R. 16.2.

In support of his request to re-open discovery for an additional fifty (50) days, plaintiff represents that he "does not know the first names of many of the defendants[,]" that plaintiff "has not solicited information to substantiate a failure to train and supervise[,]" and that "there has been no significant discovery." *Motion,* pp. 4-5. According to plaintiff, the "benefit" of an additional 50 days of discovery "outweighs any prejudice to Defendants." *Id*. Plaintiff further contends that his proposed requests for admission and interrogatories[2] "will promote a summary judgment decision." *Id*. at 6.

Defendants oppose the *Motion* on the basis of untimeliness of the *Motion*, *see Memo. in Opp.*, pp. 1-2, and burden. With respect to the

---

[2] Plaintiff's *Motion* suggests that his proposed written discovery requests have been attached to the *Motion*; in fact, they are not attached to the *Motion*.

4

latter objection, defendants also complain that plaintiff's written discovery requests exceed the number permitted under the Federal Rules of Civil Procedure and fail to take into account defendants' prior responses to plaintiff's discovery requests.  *Id*. at 3-4.

Plaintiff's *Motion* clearly fails to meet the requirements of the Court's August 11, 2015 *Order*, ECF 57, setting conditions for the filing of a motion to reopen discovery. However, the Court concludes, in the exercise of its discretion, that discovery should be reopened in order to permit plaintiff the full benefit of counsel's representation. Moreover, plaintiff apparently seeks leave to conduct only written discovery, *see Motion*, p. 2 ("This discovery will be limited to interrogatories, request for production of documents and admissions."), which limits the burden imposed on defendants by the reopening of discovery.

In permitting additional discovery, however, the Court makes several observations. The *Motion* refers to discovery related to a claim of failure to train. That is not a claim asserted in the *Amended Complaint*, ECF 24.  Further discovery must of course be limited to the claims actually asserted in this action. Moreover, defendants need not respond to the discovery requests propounded in July 2015; plaintiff must propound, through counsel, new discovery requests.  Although the discovery requests propounded by plaintiff prior to the entry of counsel on his behalf will not be counted towards the limits on discovery requests established by the Federal

5

Rules of Civil Procedure, plaintiff's anticipated written discovery requests may not exceed the numbers permitted by the Rules.

**WHEREUPON** plaintiff's *Motion to Reopen Discovery*, ECF 59, is **GRANTED.** The date by which discovery by all parties[3] must be completed is **EXTENDED** to December 23, 2015.  The parties are **REMINDED** that this discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date.

Motions for summary judgment may be filed, if at all, no later than February 12, 2016.

October 26, 2015                                   *s/Norah McCann King*
                                                   Norah M$^c$Cann King
                                                   United States Magistrate Judge

---

[3] Defendants are likewise permitted to engage in discovery during this period.